IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Glenda Sawyer, | ) | C.A. No.: |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| Life Insurance Company of North America, | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendants herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of North Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, the Plaintiff asserts a claim to equitable relief pursuant to 29 U.S.C. § 1132(a)(3). This court has jurisdiction to entertain these matters based upon the involvement of a federal question.

IV.

Plaintiff was a participant in an ERISA governed long term disability plan ("LTD") insured by Defendant. Plaintiff became disabled and filed a claim for benefits with

Defendant which claim Defendant approved.  Defendant has been paying benefits to Plaintiff for a number of years.

V.

Defendant's policy provides for a limited period of disability benefits payable to claimants.  However, due to Defendant's error, negligence, and malfeasance, when Plaintiff's claim reached the end of the payment period, Defendant continued paying Plaintiff her monthly benefits.  Plaintiff had no knowledge that she was not supposed to be receiving those benefits.  After paying those benefits for a period of time, Defendant now has notified Plaintiff that she has been "overpaid" and that she must repay the benefits wrongfully paid to her.

VI.

Plaintiff was not responsible for the overpayment and the error which lead to the overpayment was due solely to the malfeasance of the Defendant and its agents.

VII.

The Defendant seeks to impose upon the Plaintiff a financial loss in the form of requiring Plaintiff to pay money which she no longer possesses despite the fact that the Plaintiff was in no way at fault for any error in the amount of payments to her by Defendant.  The outcome which the Defendant demands is grossly inequitable and unfair and the recovery Defendant seeks, namely damages (to the extent the *res* is no longer whole or in Plaintiff's possession), is prohibited by ERISA.  Accordingly, Plaintiff appeals to this court for relief.

**FOR A FIRST CAUSE OF ACTION**

**(For Equitable and Injunctive Relief Pursuant to ERISA 29 U.S.C. § 1132(a)(3))**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XIII.

It is now apparent to the Plaintiff, for the first time, that she was apparently overpaid benefits for a period of time. However, Plaintiff did not realize that she was not entitled to those payments at the time they were made.

IX.

Defendant is a fiduciary of the plan in which Plaintiff participated for the purpose of the duties and obligations imposed upon it by ERISA 29 U.S.C. § 1104 and the plan documents. Among the duties imposed upon Defendant is the obligation to make accurate representations to plan participants like Plaintiff regarding their status in the plan and entitlement to benefits from the plan. Defendant represented to the Plaintiff that she was entitled to monthly payments in those years and, in fact, actually made those payments to the Plaintiff. It is now revealed that, in reality, the Plaintiff was not entitled to a monthly payment, and therefore, the Defendant did not provide Plaintiff accurate information concerning her entitlement to payments under the plan when it erroneously sent her payments. Under the circumstances, Defendant has breached its fiduciary duties to the Plaintiff.

X.

Defendant insists on being repaid, but the reality of the situation is that the Plaintiff simply does not have the financial wherewithal to pay the money Defendant demands.

XI.

Given the facts, Plaintiff respectfully requests that the court structure an equitable remedy and grant equitable relief between the parties pursuant to 29 U.S.C. § 1132(a)(3). Such equitable relief should take the form of Plaintiff being relieved of any obligation to pay Defendant any money for the overpayment. The court might rely upon such equitable theories as laches, estoppel by laches, equitable estoppel, estoppel *in pais*, or other equitable theories recognized by the Fourth Circuit Court of Appeals in cases such as *Adams, et. al. v. The Brinks Company, et. al.*, 2008 U.S. App. LEXIS 536 (4th Cir. 2008), unpublished, or *Griggs v. E.I. DuPont de Nemours & Company*, 358 F.3d 440 (4th Cir. 2004), or *Griggs v. E.I. DuPont de Nemours & Company*, 237 F.3d 371 (4th Cir. 2001), or any other authorities the court might find relevant and instructive. Besides the application of the equitable doctrine of laches, the court might also hold that the Defendants are precluded from recovering the overpayment due to applicable statute of limitations. Plaintiff further respectfully requests that after the court structures an equitable remedy as to what amount, if any, the Defendant is entitled to recover from the Plaintiff given the equities of the situation that the court also enjoin the Defendant and its agents and representatives under 29 U.S.C. § 1132(a)(3) from further attempts to collect any amount of money regarding the overpayment.

XII.

The above requests are merely suggestions of equitable relief that may be available to the court. Plaintiff respectfully requests that the court consider the facts and equities of the situation, and that the court declare that Defendant has breached its fiduciary duty and structure such appropriate equitable remedies and relief as it finds just, proper and allowable under ERISA 29 U.S.C. § 1132(a)(3). Plaintiff further respectfully requests that the court award attorneys' fees and costs to the Plaintiff pursuant to ERISA 29 U.S.C. § 1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff respectfully requests that the court consider the matters raised herein, the facts and circumstances giving rise to the parties necessarily being before this court, the equities of the situation and that the court declare that (1) Defendant has breached its fiduciary duty as set forth above and that the court grant such equitable and injunctive relief as Plaintiff requests above or as the court may otherwise deem appropriate, (2) that the court award Plaintiff attorneys' fees and costs pursuant to ERISA 29 U.S.C. § 1132(g), and (3) finally, that the court grant whatever other relief, equitable or otherwise, that it may find appropriate pursuant to ERISA 29 U.S.C. § 1001 *et. seq.*

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: August 12, 2022          Attorneys for Plaintiff